Filed 7/17/23  P. v. Sims CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C089527 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FE-19960006158, SC060460A  ) |
| v. | |
| JAMES SIMS, | OPINION ON TRANSFER |
| Defendant and Appellant. | |

In 1996, a jury found defendant James Sims guilty of second degree murder and found true the firearm use allegation.  The trial court sentenced defendant to a total of 19 years to life in prison.

In 2019, defendant filed a petition for resentencing pursuant to Penal Code[1] section 1172.6.[2] The trial court denied the petition at the prima facie stage, finding defendant was not entitled to relief as a matter of law because he was the actual killer and he was not tried under a felony-murder or aiding and abetting theory.

Defendant appealed the trial court's order denying his petition for resentencing. Counsel was appointed to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting this court to review the record and determine whether there were any arguable issues on appeal, in accordance with *People v. Wende* (1979) 25 Cal.3d 436. Defendant failed to file a supplemental brief and we dismissed the appeal as abandoned.

The Supreme Court granted review and later transferred the matter back to us with directions to vacate our decision and reconsider the cause in light of its recent opinion in *People v. Delgadillo* (2022) 14 Cal.5th 216. We sent defendant a letter notifying him of his obligations under *Delgadillo*.

Defendant filed a supplemental brief, arguing: (1) the trial court gave misleading jury instructions during his original trial; (2) he is entitled to relief under section 1385 due to his youthfulness at the time of the crime; and (3) his appointed counsel rendered ineffective assistance by failing to address these two issues on appeal. We have considered defendant's arguments and will affirm the trial court's order.

First, we decline to consider any alleged errors in the jury instructions. Section 1172.6 "does not permit a petitioner to establish eligibility on the basis of alleged trial

---

[1] Further undesignated statutory references are to the Penal Code.

[2] Defendant filed his petition under former section 1170.95. Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6 with no substantive change in the text. (Stats. 2022, ch. 58, § 10.) As such, we refer to the current section 1172.6 throughout this opinion.

error." (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.) " 'The purpose of section [1172.6] is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved.' " (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.)

Second, we disagree that the trial court may resentence defendant under section 1385. Unlike section 1172.6, section 1385 does not establish a mechanism to reopen sentencing proceedings. Instead, it merely provides the trial court with a list of considerations to apply whenever it sentences a defendant. (§ 1385, subd. (c).) Because the trial court found that defendant was not entitled to resentencing under section 1172.6, it had no occasion to apply the provisions of section 1385.

Having rejected defendant's jury instruction and section 1385 claims, we find no ineffective assistance of counsel. (See *People v. Lucero* (2000) 23 Cal.4th 692, 732 [" 'Counsel may not be deemed incompetent for failure to make meritless objections' "].)

DISPOSITION

The order is affirmed.


/s/
ROBIE, Acting P. J.



We concur:



/s/
DUARTE, J.



/s/
MESIWALA, J.


3